Judge: <u>Alston</u>          **<u>SENTENCING</u>**          Date: <u>4/22/2026</u>

Reporter: <u>T. Harris</u>                                  Time: <u>10:36</u> to <u>12:00</u>

Cr. #    <u>1:25-cr-00218</u>          AUSA:    <u>Lauren Halper</u>
U.S. v. <u>Michael Logan Bourne</u>    Defense: <u>Brittany Davidson</u>

Defendant's objections to PSIR argued. The Court sustained in part Defendant's objection regarding the inclusion of references to interactions with Minor Victim 3. Accordingly, the Court strikes the reference to MV3 in the last two sentences of paragraph 9 of the PSR because that falls within the acquitted conduct.  Defendant's objections to the PSR are otherwise overruled.

The Court finds the guidelines to be properly assessed at a range of Life.

Considering the factors under § 3553, the Court finds that the following sentence is appropriate.

**Sentence Imposed:**

<u>324</u>    Months imprisonment
       (Counts <u>1, 3, 4, 5, 6, and 7</u> to run _____ consecutively ✓ concurrently)
<u>10</u>    Years supervised release
       (Counts <u>1, 3, 4, 5, 6, and 7</u> to run _____ consecutively ✓ concurrently)

**Conditions of Supervised Release:**
1) The defendant shall participate in a program approved by the United States Probation Office for Mental Health Treatment, to include a psychosexual evaluation and sex offender treatment and follow the rules and regulations of that program. Partial costs of this program shall be paid by the defendant, as directed by the probation officer, subject to the court's ultimate review and supervision. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
2) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.
3) The defendant shall not have any intentional contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks and playgrounds. Incidental contact with children under 18 includes, but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc
4) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means
5) The Defendant shall not possess and/or use computers as defined in 18 U.S.C. § 1030(e)(1), or

similar device that provides access to the Internet, which include use of computers at work, to communicate with any individual or group who promotes sexual abuse of children. The defendant shall cooperate with the probation office's computer monitoring program, which shall include, but not be limited to, disclosing all computers/devices (as defined in 18 U.S.C. § 1030(e)(1)), allowing the installation of monitoring software at the defendant's expense, and permitting random unannounced inspections of computer systems and Internet-capable devices and similar electronic devices under the defendant's control.

6) The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his computer at employment.

7) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

8) The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner

10) The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other

environment, including but not limited to YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide account information to the probation officer, to include usernames and passwords

**Monetary penalties:**

$600.00  Assessment ($100 on each of Counts 1, 3, 4, 5, 6, and 7)  $ 0      Fine

Consent Order of Forfeiture entered

**Recommendations to BOP:**

The Court recommends that the defendant be designated in a facility as close as possible to his family in Cumming, Georgia.  In the alternative, if there are no facilities close to his family, the Court recommends that he be designated to the federal medical facility in Butner, North Carolina.

Defendant: ✓      Remanded _____ To voluntarily surrender once space is available.